Argued February 26, affirmed March 19, 1929.

H. W. VEACH *v.* GEORGE P. HITCHCOCK ET AL.

(275 Pac. 676.)

For appellants there was a brief over the names of *Mr. C. A. Hardy* and *Messrs. Immel & Evans* with an oral argument by *Mr. David B. Evans.*

For respondent there was a brief and oral argument by *Mr. H. E. Slattery.*

BELT, J.—Plaintiff for an action on account stated, alleges:

"That at all times herein expressed, the defendants were engaged in the operation of a sawmill in Lane County, Oregon, under the assumed business name of B. & B. Trust Company.

That on or about May 31, 1927, the plaintiff and defendants made and entered into a verbal contract by the terms of which the defendants employed the plaintiff and agreed to pay him the sum of $1.25 per thousand feet for hauling lumber from said sawmill located in Fall Creek, Lane County, Oregon, to Lowell, Oregon, five miles away from said mill, and that on June 1, 1927, the plaintiff begun the performance of his said contract and fully performed the same on August 10, 1927; and that, during the said

period of time between June 1, 1927, and August 10, 1927, the said defendants further employed this plaintiff to perform dock work for them at the agreed price of $1.00 per hour, and that during the said period of time the said defendant made this plaintiff a number of payments to apply upon the consideration for his services; and that, on August 18, 1927, the plaintiff and defendants had accounting to decide the balance due plaintiff and as a result thereof made and entered into a verbal agreement that the balance due this plaintiff for the said services was the sum of Four Hundred Eleven Dollars and Three cents ($411.03), which sum the defendants agreed to pay this plaintiff upon the said account stated; that no part of the said sum of $411.03 ever has been paid and that the said sum of $411.03, together with interest thereon at the rate of 6 per cent per annum is all due from the defendants to this plaintiff.''

To this complaint each of the defendants answered by a general denial. On the issues thus stated, a verdict was returned in favor of the plaintiff for $411.03. Defendants Hitchcock and Blair appeal.

The vital question is whether there is any evidence to support the verdict. W. F. Gibson was engaged in the operation of a small sawmill in Lane County, Oregon. He became financially involved and, according to the contention of the defendants, a committee consisting of Gibson and the defendants Blair and Babb, was appointed to operate the mill on behalf of numerous creditors, among whom was the plaintiff. It is further asserted that the defendant Hitchcock was engaged by the creditors' committee to take charge of the lumber sales and also to act as bookkeeper. It is the theory of the defendants that plaintiff was employed by such committee to haul lumber as above alleged and that it was understood by him that there was to be no personal liability. Plaintiff

denies that he was so employed and asserts that the defendants were engaged as partners in the operation of this sawmill. Their respective theories were clearly and accurately stated by the trial court in its instructions.

Turning to the transcript of the evidence, we find that the witness, Ed Newcomb, testified to a conversation with the defendants Babb, Blair and Hitchcock at the latter's office in Eugene, during April, 1927, as follows:

"They asked me all about the sawmill, and said they were going to operate it and pay off those old debts, provided the labor would agree to take notes for what we had due, and some money besides for labor. * * They said the labor would be paid twice a month * *."

Plaintiff testified that he was employed by Hitchcock. Mrs. Veach, his wife, corroborated him in this respect. Plaintiff also says that he had no knowledge concerning the operation of the sawmill by the creditors' committee. No error was committed in denying the motion for nonsuit.

Other assignments relative to instructions of the court are wholly untenable and we think merit no discussion.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.